OPINION
{¶ 1} Defendant Randy Scarbury appeals a judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, which convicted and sentenced appellant for one count of carrying a concealed weapon in violation of R.C. 2923.12, a first degree misdemeanor. Appellant had originally filed a plea of not guilty, but after the court overruled his motion to suppress evidence obtained during the warrantless search, appellant changed his plea to no-contest. Appellant assigns two errors to the trial court:
 {¶ 2} "The trial court erred in denying defendant's motion to suppress for the reason that the search of the defendant was in violation of the defendant's constitutional rights to be free from unreasonable searches and seizures as guaranteed by the fourth amendment of the U.S. constitution and art. i section 16 of the ohio constitution"
 {¶ 3} "The trial court erred in denying the appellant's motion to dismiss the charge of carrying a concealed weapon because the ohio concealed weapon statute is unconstitutional as it violates section 4, art. i of the ohio constitution."
 I {¶ 4} As in all search and seizure issues, the facts and circumstances of the case are critical. At approximately 12:01 a.m., Trooper David Garber of the Ohio State Patrol observed the vehicle in which appellant was a passenger "roll a stop sign". Trooper Garber activated his red and blue lights and the vehicle pulled over. Neither the driver nor the passenger had fastened his seat belt. Trooper Garber testified at the suppression hearing he spoke with the driver, who admitted rolling through the stop sign. Trooper Garber testified he discussed with both occupants of the vehicle the importance of wearing a seat belt. Neither one looked at the trooper, and both agreed with everything he said, which the trooper found rather strange. Trooper Garber issued them citations for failure to wear a seat belt, but issued a warning for the stop sign violation. During the stop, the trooper ran their records, and found they both had lengthy criminal histories. There were no active warrants for the individuals.
 {¶ 5} On cross, Trooper Garber testified he did not suspect any operation while under the influence of alcohol or drugs, and did not have the driver perform any sobriety tests.
 {¶ 6} After issuing the seat belt tickets, Trooper Garber advised the vehicle's driver he was free to leave, but asked for permission to search the vehicle. The driver of the vehicle agreed. Around this time, Deputy Wayne Noggle, of the Knox County Sheriff's Department arrived to provide backup. Trooper Garber placed the driver of the vehicle in his state patrol cruiser, and Deputy Noggle placed appellant in his marked sheriff's patrol car.
 {¶ 7} Deputy Noggle testified he placed appellant in his patrol car for appellant's safety as well as the officer's safety. The deputy testified he did not place appellant under arrest, but wanted to keep appellant out of the roadway. Appellant was placed in the back seat of the patrol car, with the door shut. Deputy Noggle testified a person seated in the back seat of a patrol car with the doors closed was unable to exit the vehicle.
 {¶ 8} Trooper Garber searched the vehicle and found five .38 rounds. The trooper then asked the deputy if he had patted appellant down before he put him in the vehicle for safety and the deputy said he had not. Thereupon, Deputy Noggle asked appellant if he had anything on his person the deputy should know about, and appellant said he had a gun in his rear pants pocket. The officers arrested appellant for possession of a concealed weapon, and the firearm was later tested and proved to be operable.
 {¶ 9} This court must trace the events carefully in order to determine whether there was a violation of appellant's constitutional right to be free from unreasonable search and seizures. Appellant does not challenge the original stop for rolling through the stop sign.
 {¶ 10} Although Trooper Garber testified he believed both appellant and the vehicle's driver were acting suspicious in not making eye contact and agreeing with everything the officer said, we find this is not particularly suspicious. Most persons detained by an officer are ill at ease. Likewise, the fact both parties had extensive criminal histories may very well make the officer wary, but neither party had any outstanding warrant.
 {¶ 11} Once Trooper Garber had finished warning the driver and issuing the traffic citations for the seat belt violations, he properly concluded the stop and informed the driver he was free to leave. At that point, the original justification to detain the vehicle was over.
 {¶ 12} Trooper Garber then asked the driver of the vehicle if he would consent to a search of the vehicle. The driver gave consent. We find at this point, the matter was a consensual encounter and the driver of the vehicle gave a voluntary consent to the search.
 {¶ 13} In Lakas v. Illinois (1978), 439 U.S. 128, 99 Sup.Ct. 421,58 L.Ed.2d 387, the United States Supreme Court found the mere presence of a passenger in a vehicle does not give the passenger standing to challenge a search of the vehicle. To establish standing to challenge a search, the passenger must prove an interest in the vehicle, an interest in the properties seized, or some other reason to establish a legitimate expectation of privacy in the vehicle, State v. Carter, 69 Ohio St.3d 57,1994-Ohio-343, 630 N.E.2d 355.
 {¶ 14} Appellant does not directly challenge the search of the vehicle, and it does not appear from the record he asserted a privacy interest in the vehicle. Rather, he challenges his removal from the vehicle and detention in the back of the sheriff's cruiser, from which he was not free to leave.
 {¶ 15} In State v. Lozada, 92 Ohio St.3d 74, 2001-Ohio-149,748 N.E.2d 520, the Ohio Supreme Court recently had the opportunity to discuss detentions and searches. In Lozada, an Ohio State Trooper stopped a vehicle for speeding, and asked the driver to exit his vehicle. Even though the driver denied having any weapons, the trooper patted him down and found two small bags of cocaine.
 {¶ 16} The Supreme Court found the initial traffic stop was proper, and the issue presented was whether it was reasonable to search the appellant for weapons and place him in a patrol car. The Supreme Court found whether an officer may pat a person down before placing him in a vehicle depends upon the legitimacy of placing him in the police car in the first place, Lozada at 523, citing People v. Kinsella (1988),139 A.D.2d 909, 527 N.Y.S.2d 899. The Lozada court noted numerous courts have held an officer may ask a driver to sit in his or her patrol car to facilitate the traffic stop, but the question of whether the driver may be searched for weapons before entering the patrol car is more problematic. In Lozada, the court found the placement of a driver in a patrol car during a routine traffic stop may be constitutionally permissible, but may not be used simply to justify a search of the driver. The intrusion of asking a driver to sit in a patrol car to facilitate a traffic stop may be relatively minimal, but the level of intrusion dramatically increases when the person is subject to a pat-down search for weapons before entering the patrol car. The Supreme Court found this violates the requirement of specific and articulable belief an individual is armed and dangerous first set forth in Terry v. Ohio
(1968), 392 U.S. 1, 88 Sup.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 17} The Lozada court held it is unreasonable for an officer to search a driver for weapons before placing him or her in a patrol car if the sole reason for placing the driver in the patrol car during the investigation is for the convenience of the officer. The Supreme Court found, however, it is reasonable to place a driver in a patrol car and even subject him or her to a pat-down search for weapons where placement of the person in the patrol car is justified to protect the officer or the driver from dangerous conditions, Lozada at 525, citations deleted.
 {¶ 18} While the facts in the case at bar are different from those in Lozada, the rationale in Lozada can be applied here. Appellant had no property interest in the vehicle, and his physical presence in the vehicle would impede the constitutional search agreed to by the car's driver. Thus, it follows the officers could remove appellant from the vehicle.
 {¶ 19} At the suppression hearing, the officers articulated a legitimate safety reason for placing appellant in the patrol car. Furthermore, the officers did not in fact search appellant before placing him there. Thus, they did not intrude on appellant's right to privacy in the way the Lozada court found problematic.
 {¶ 20} In State v. Robinette III, (1997), 80 Ohio St.3d 234, the Ohio Supreme Court held a totality of the circumstances test is controlling in determining whether the appellant had the freedom to refuse to answer further questions or could in fact leave. We find, considering the totality of the circumstances here, the degree of intrusiveness to appellant's liberty was minimal, and the officers had the right to remove appellant from the vehicle to facilitate the search. The officers could place appellant in the police car, and the officers were justified, especially after finding the bullets, to inquire whether appellant had anything they "should know about".
 {¶ 21} We find the detention of the appellant during the search of the vehicle was constitutionally permissible. We find the trial court correctly overruled the motion to suppress.
 {¶ 22} The first assignment of error is overruled.
 II {¶ 23} In his second assignment of error, appellant challenges the charge of carrying a concealed weapon as unconstitutional, citing Kleinv. Leis (2000), 146 Ohio App.3d 526.
 {¶ 24} During the pendency of this appeal, the Ohio Supreme Court reversed the Court of Appeals for Hamilton County, and held Ohio's current statute prohibiting carrying concealed weapons does not infringe on the second amendment right to bear arms, Klein v. Leis2003-Ohio-4779.
 {¶ 25} The second assignment of error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, is affirmed, and the cause is remanded to that court execution of sentence.
Wise, J., and Edwards, J., concur.